In an action to recover damages for false arrest and malicious prosecution pursuant to 42 USC § 1983, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Berliner, J.), dated August 26, 2011, which, upon a jury verdict in their favor, granted that branch of the defendant’s motion which was, in effect, pursuant CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, that branch of the defendant’s motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the remaining branches of the defendant’s motion.
This action arises out of the allegedly unlawful arrest of the plaintiff Michael M. Bassett in 2004. Michael M. Bassett, and his spouse suing derivatively, commenced this action against the City of Rye, inter alia, to recover damages for false arrest pursuant to 42 USC § 1983. On a prior appeal in this action, this Court affirmed the Supreme Court’s denial of the defendant’s motion for summary judgment dismissing the complaint (see Bassett v City of Rye, 69 AD3d 667 [2010]).
After a trial, the jury rendered a verdict in favor of the plaintiffs as to the false arrest causes of action. The defendant then moved, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. In support of that branch of its motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment *890 as a matter of law dismissing the complaint, the defendant argued that the evidence adduced at trial demonstrated that there was probable cause for Michael M. Bassett’s arrest, that there was no evidence of an official policy or custom relating to that arrest, and that the plaintiffs failed to prove that they sustained any damages as a result of the claimed deprivation of Michael M. Bassett’s constitutional rights.
In the order appealed from, the Supreme Court granted that branch of the defendant’s motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint, concluding that there was no evidence to support the jury’s finding that Michael M. Bassett’s arrest was the result of an official policy or custom of the defendant. As a result, the Supreme Court did not consider the defendant’s remaining contentions in support of its motion, including the defendant’s assertions that there was probable cause for Michael M. Bassett’s arrest, and that the jury verdict was contrary to the weight of the evidence and that a new trial should be held.
Contrary to the plaintiffs’ contention, the Supreme Court did not violate the law of the case in issuing the order appealed from (see CPLR 4401, 4404 [a]; see also Stroem v Plackis, 96 AD3d 1040 [2012]; S.L. Benfica Transp., Inc. v Rainbow Media, Inc., 13 AD3d 348, 349 [2004]).
However, the Supreme Court erred in granting that branch of the defendant’s motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint. “A court may set aside a jury verdict as legally insufficient and enter judgment as a matter of law only where ‘there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial’ ” (Matter of State of New York v Derrick B., 68 AD3d 1124, 1126 [2009], quoting Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
The Supreme Court determined that the jury verdict should be set aside on the ground that the plaintiffs failed to submit evidence showing that the complained-of actions stemmed from an official municipal policy or custom. A municipality may not be held vicariously liable pursuant to 42 USC § 1983 based on a theory of respondeat superior (see Monell v New York City Dept. of Social Servs., 436 US 658, 691 [1978]). However, a plaintiff may prevail on a cause of action to recover damages pursuant to 42 USC § 1983 against a municipality where the plaintiff proves the existence of “(1) an official policy or custom [on the part of *891 a municipal defendant] that (2) cause [d] the claimant to be subjected to (3) a denial of a constitutional right” (Jackson v Police Dept. of City of N.Y., 192 AD2d 641, 642 [1993]). “For a cause of action pursuant to 42 USC § 1983 to lie against a municipality, the action that is alleged to be unconstitutional must implement[ ] or execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body’s officers’ ” (Pendleton v City of New York, 44 AD3d 733, 736 [2007], quoting Monell v New York City Dept. of Social Servs., 436 US at 690), or have occurred pursuant to a practice “so permanent and well settled as to constitute a ‘custom or usage’ with the force of law” (Pendleton v City of New York, 44 AD3d at 736, quoting Adickes v S. H. Kress & Co., 398 US 144, 168 [1970]).
“A municipal custom or policy can be shown by establishing that an official who is a final policy maker directly committed or commanded the violation of the plaintiff’s rights” (Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192, 204 [2009]; see Fields v Village of Sag Harbor, 92 AD3d 718, 719 [2012]). Liability for a violation of 42 USC § 1983 may be predicated on “a single act, as long as it is the act of an official authorized to decide policy in that area” (Town of Orangetown v Magee, 88 NY2d 41, 49 [1996]; see Amnesty Am. v Town of W. Hartford, 361 F3d 113, 126-127 [2d Cir 2004]).
Here, there was a valid line of reasoning and permissible inferences by which the jury could have rationally determined that the arrest of Michael M. Bassett resulted from the decision of an official policymaker or policymakers of the defendant. Therefore, the Supreme Court erred in granting that branch of the defendant’s motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint.
Under the circumstances of this case, the matter must be remitted to the Supreme Court, Westchester County, for a determination of the remaining branches of the defendant’s motion. Skelos, J.R, Leventhal, Hall and Lott, JJ., concur.